**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALLEGRA D. HEMPHILL, )<br><br>Plaintiff, )<br><br>v. )<br><br>KIMBERLY-CLARK CORPORATION )<br>and PROCTER & GAMBLE COMPANY, )<br><br>Defendants. ) | Civil Action No. 09-4 (RMC) |

## MEMORANDUM OPINION

This case is the latest chapter in *pro se* Plaintiff Allegra D. Hemphill's never-ending litigation against Kimberly-Clark Corporation and Procter & Gamble Company. Ms. Hemphill has filed numerous patent infringement lawsuits against Defendants, none of which has been successful. Citing Federal Rule of Civil Procedure 60(b)(3) and (b)(6), Ms. Hemphill alleges in her Amended Complaint that Defendants deceived the Court in her prior patent infringement case. *See* Am. Compl. ¶ 1 [Dkt. # 3]. The Court already has rejected such accusations against Defendants as "baseless." *See* 3/10/2008 Order in Case No. 07-1236 [Dkt. # 26] at 2. Accordingly, the Court finds that Plaintiff's claims are barred by *res judicata*, and it will grant Defendants' Joint Motion to Dismiss [Dkt. # 13].

### I. BACKGROUND

On December 10, 1985, Ms. Hemphill was issued a patent (United States Patent No. 4,557,720 ("the '720 patent")) for a "vaginal swab." The '720 patent describes a disposable vaginal swab or refresher meant either to cleanse or treat the vaginal area with fragrances, medications, germicides, or deodorants. The '720 patent is comprised of two independent claims (hereinafter, "Claim 1" and "Claim 2").

In March 1999, Ms. Hemphill sued Johnson & Johnson, Inc. for alleged infringement of the '720 patent in the United States District Court for the District of Maryland. Ms. Hemphill alleged that McNeil-PPC, a subsidiary of Johnson & Johnson, Inc., had infringed Claim 2. The accused products were McNeil-PPC's sanitary napkins and adult incontinence products sold under the Stayfree, Carefree, and Serenity product lines. The Maryland District Court granted summary judgment of non-infringement for the defendant. *Hemphill v. McNeil-PPC, Inc.*, 134 F. Supp. 2d 719, 725-29 (D. Md. 2001). The Federal Circuit affirmed the District Court in all respects. *Hemphill v. McNeil-PPC, Inc.*, No. 01-1391, 2001 WL 1504561 (Fed. Cir. Nov. 27, 2001).

On November 18, 2002, Ms. Hemphill sued Defendants, Kimberly-Clark Corporation and Procter & Gamble Company, for alleged infringement of Claim 1 of the '720 patent in the United States District Court for the District of Maryland. The accused products were Defendants' sanitary napkin and adult incontinence products sold under the brand names Kotex, Always, and Poise. The Maryland District Court granted summary judgment in favor of Defendants. *Hemphill v. Procter & Gamble Co.*, 258 F. Supp. 2d 410, 416-18 (D. Md. 2003) ("*Hemphill II*"). The Federal Circuit affirmed the District Court in all respects. *Hemphill v. Procter & Gamble Co.*, No. 03-1463, 2004 WL 74620 (Fed. Cir. Jan. 15, 2004).

Having lost twice in the District of Maryland, on July 10, 2007, Ms. Hemphill sued Kimberly-Clark Corporation and Procter & Gamble Company in this Court, accusing the same products that were at issue in *Hemphill II* of infringing Claim 2 of the '720 patent. This Court granted Defendants' motion to dismiss on *res judicata* grounds. *Hemphill v. Kimberly-Clark Corp.*, 530 F. Supp. 2d 108 (D.D.C. 2008) ("*Hemphill III*"). Ms. Hemphill moved for reconsideration of that Order pursuant to Federal Rule of Civil Procedure 60(b), accusing Defendants "of 'cheating,' 'not being

-2-

truthful,' and engaging in 'deceitful measures' in this litigation." 3/10/2008 Order in Case No. 07-1236 [Dkt. # 26] at 2.   The Court rejected "Ms. Hemphill's baseless accusations against Defendants" and recounted that "Ms. Hemphill has had ample opportunity in this Court and in others to present her case and has received a full and fair determination of her claims." *Id.* at 3.   The Federal Circuit summarily affirmed this Court's dismissal.   Defs.' Joint Mot. to Dismiss, Ex. 8 (Sept. 10, 2008 Fed. Cir. Order).

Ms. Hemphill again sues Kimberly-Clark Corporation and Procter & Gamble Company in this Court, alleging that Defendants deceived the Court in *Hemphill III* by, *inter alia*, "claiming that the products Ms. Hemphill accuses of infringing her '720 patent were 'sanitary napkins'" when in reality "the products are labeled as 'pads', 'maxi-pads', 'mini-pads' etc." Am. Compl. ¶ 5.   Ms. Hemphill contends that this alleged deception led the Court in *Hemphill III* to erroneously conclude that the accused products were the same products that were at issue in *Hemphill II*.  *See* Pl.'s Opp'n to Defs.' Joint Mot. to Dismiss [Dkt. # 15] at 5.

## II.  LEGAL STANDARDS

### A.      Rule 12(b)(6)

Defendants move to dismiss Ms. Hemphill's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).   A motion to dismiss pursuant to 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim.   Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).   A court must treat a complaint's factual allegations – including mixed questions of law and fact – as true, drawing all reasonable inferences in the plaintiff's favor,

*Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F. 3d 156, 165 (D.C. Cir. 2003), and the facts alleged "must be enough to raise a right to relief above the speculative level," *Twombly*, 127 S. Ct. at 1965.  But a court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations.  *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  In deciding a 12(b)(6) motion, a court may consider only "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice."  *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citation omitted).  However, a court may, in its discretion, consider matters outside the pleadings and thereby convert a Rule 12(b)(6) motion into a motion for summary judgment under Rule 56.  *See* Fed. R. Civ. P. 12(b); *Yates v. District of Columbia*, 324 F. 3d 724, 725 (D.C. Cir. 2003).

### B.  *Res Judicata*

Under the doctrine of *res judicata*, also known as claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving identical parties or their privies based on the same cause of action."  *Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004) (citing *Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002)).  The doctrine embodies the principle "that a party who once has had a *chance* to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so."  *SBC Comms. Inc. v. FCC*, 407 F.3d 1223, 1229 (D.C. Cir. 2005) (quoting Restatement (Second) of Judgments at 6 (1982) (emphasis in original)).  As such, it promotes the "purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions."  *Montana v. United States*, 440 U.S. 147, 153 (1979).

"Whether two cases implicate the same cause of action turns on whether they share the same 'nucleus of facts.'" *Drake*, 291 F.3d at 66 (quoting *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984)). Courts make such a determination by looking at "'whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 n.5 (D.C. Cir. 1983) (quoting 1B J. Moore, Moore's Federal Practice ¶ 0.410[1] (2d ed. 1983)). Put another way, "under *res judicata*, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in that action.'" *Drake*, 291 F.3d at 66 (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)) (emphasis in original)).

*Res judicata* is an affirmative defense that is generally pleaded in a defendant's answer, but is also properly brought in a pre-answer Rule 12(b)(6) motion when "all relevant facts are shown by the court's own records, of which the court takes notice." *Evans v. Chase Manhattan Mortgage Corp.*, No. 04-2185, 2007 WL 902306, at *1 (D.D.C. Mar. 23, 2007) (citing *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992)); *see also Stanton v. Dist. of Columbia Ct. of Appeals*, 127 F.3d 72, 76-77 (D.C. Cir. 1997) (noting that courts have permitted parties to assert *res judicata* under Rule 12(b)(6)). A court may take judicial notice of public records from other proceedings. *Covad Comms. Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005); *Does I Through III v. District of Columbia*, 238 F. Supp. 2d 212, 216-17 (D.D.C. 2002).

### III.  ANALYSIS

In *Hemphill III*, Ms. Hemphill argued, *inter alia*, that Federal Rule of Civil Procedure 60(b)(3) required the Court to reconsider its Order dismissing her case because Defendants engaged

in "'deceitful measures' in this litigation."  3/10/2008 Order in Case No. 07-1236 [Dkt. # 26] at 2.

The Court rejected Ms. Hemphill's accusations as "baseless," *id.*, and the Federal Circuit summarily

affirmed this Court's dismissal.  Defs.' Joint Mot. to Dismiss, Ex. 8 (Sept. 10, 2008 Fed. Cir. Order).

In this suit, Ms. Hemphill again complains that the same Defendants deceived the Court in *Hemphill*

*III* within the meaning of Federal Rule of Civil Procedure 60(b)(3).  *See* Am. Compl. ¶ 1 [Dkt. # 3].

While this suit is ostensibly for fraud and the prior suit was for patent infringement, the accusations

of deceit in both cases share the same nucleus of facts.  *Drake*, 291 F.3d at 66.  Ms. Hemphill could

have raised – and indeed did raise – these same accusations in *Hemphill III*.  *Id.*    She is barred from

relitigating those accusations in this case by the doctrine of *res judicata*.  *Id.*    It is time for Ms.

Hemphill to accept the judgments of the courts and to cease suing Defendants.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Joint Motion to Dismiss [Dkt. # 13] will be

granted and this case will be dismissed with prejudice.  A memorializing Order accompanies this

Memorandum Opinion.

Date: March 31, 2009                                                    /s/
                                                            ROSEMARY M. COLLYER
                                                            United States District Judge